IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| T. Terell Bryan, #254638, ) | |
| ) | C/A No. 5:15-1483-TMC |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden McFadden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, T. Terell Bryan, a state prisoner proceeding pro se, filed this habeas action pursuant to 28 U.S.C. § 2241. On June 8, 2015, Respondent filed a motion to dismiss. (ECF No. 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Because Petitioner is proceeding pro se, the magistrate judge issued a *Roseboro* Order on June 9, 2015, directing Petitioner to respond to the motion to dismiss within thirty-four days. (ECF No. 12). Petitioner did not respond within the thirty-four day time period, and the magistrate judge entered an order directing Petitioner to respond to the motion to dismiss by August 14, 2015, or else the case would be dismissed for failure to prosecute. (ECF No. 15). Petitioner sent a letter to the court stating that he would respond by August 14, 2015. (ECF No. 18). However, Petitioner failed to respond to the motion by that date.

Therefore on August 18, 2015, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the action be dismissed with prejudice for failure to prosecute. (ECF No. 19). Petitioner was advised of his right to file objections to the Report. (ECF No. 19-1). However, Petitioner failed to file any objections. On September 10,

2015, the court, having received no objections from Petitioner and after a thorough review of the filings, issued an order adopting the Report. (ECF No. 21).

On October 8, 2015,[1] Petitioner filed a motion to appoint counsel. (ECF No. 24). That motion seeks the appointment of counsel because (1) the law library is constantly closed; and (2) mental health issues have caused him difficulty in prosecuting the case. (ECF No. 24). On October 12, 2015, Petitioner filed a motion for access to the law library and for an extension of time to reply after being granted access. (ECF No. 25). On October 19, 2015, Petitioner filed a response in opposition to the motion to dismiss. (ECF No. 26). On October 19, 2015, Petitioner also filed a motion to file and serve by electronic means. (ECF No. 27). Because this case is closed, the court will construe the motions and the response to the motion to dismiss as a motion to reconsider.

Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" for specific reasons. Fed. R. Civ. P. 60(b). Petitioner does not state which reason his motion relies on, but based on the circumstances, the court construes his motion as falling under either Rule 60(b)(1)'s "excusable neglect" standard or the 60(b)(6) catchall for "any other reason that justifies relief." Due to a strong interest in preserving judicial finality, courts generally disfavor Rule 60(b) motions and reserve such relief for exceptional circumstances. *See, e.g.*, *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

Petitioner asserts that he has not had access to the law library as a reason for him being unable to respond to the motion to dismiss or to file objections prior to October 19, 2015. (ECF No. 25). Petitioner has attached exhibits in support of his argument. The first exhibit is a letter from the judicial law clerk for the Honorable John D. McLeod, Administrative Law Judge. (ECF

---

[1] Pursuant to the "prison mailbox rule," a document is treated as filed by a pro se prisoner when it is delivered to the prison mailroom. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (citation omitted).

No. 25-1 at 1). That letter was sent on August 26, 2015, and informs Petitioner when his brief was due on a case before the South Carolina Administrative Law Court. (ECF No. 25-1 at 1). The second exhibit is a printout of the docket entry for the court's order adopting the Report. (ECF No. 25-1 at 2). The third exhibit is a printout of a docket entry for a Report and Recommendation in a different case, *Bryan v. McCall*, No. 5:15-cv-871 (D.S.C. filed Feb. 26, 2015). (ECF No. 25-1 at 3). The fourth exhibit is a request-to-staff form submitted on October 5, 2015, requesting access to the law computer; the request was denied because the Lieber Institution was on lockdown. (ECF No. 25-1 at 4). The fifth exhibit is a request-to-staff form submitted on October 6, 2015, seeking use of the law computer for a brief due in an unrelated case; the request was denied because the building was closed. (ECF No. 25-1 at 5). The sixth exhibit is a request to use the law library submitted on October 7, 2015; Petitioner received a response indicating that an officer with the law library is "only accepting law library deadlines per out count (sic)." (ECF No. 25-1 at 6).

The court is unsure how any of these exhibits impacted Petitioner's ability to respond to the motion to dismiss filed on June 8, 2015. All of the exhibits are dated after the final deadline to respond to the motion to dismiss and after the issuance of the order dismissing the case, or they deal with unrelated cases. Therefore, the court finds that Petitioner has not met his burden for the court to reconsider its order issued on September 10, 2015.

The court also finds that counsel should not be appointed in this case. "There is no constitutional right to counsel in a non-capital federal habeas case." *Dire v. United States*, 990 F. Supp. 2d 583, 585 (E.D. Va. 2013). 18 U.S.C. § 3006A(a)(2) provides that "whenever the United States magistrate judge or the court determines that the interests of justice so require,

representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."

> [T]he "interests of justice[]" require the appointment of counsel only in the most "exceptional circumstances[.]" To determine "whether such circumstances exist in any particular case," the court should consider the "characteristics of the claim and the litigant." In doing so, the court should first determine whether "'it is apparent . . . that a *pro se* litigant has a colorable claim.'" If it is "apparent" that the *pro se* litigant's claims are not "frivolous," the court should then consider whether the litigant "lacks the capacity to present" his claim.

*Dire v. United States*, 990 F. Supp. 2d 583, 585–86 (E.D. Va. 2013) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984)) (internal citations omitted). Because the court finds that Petitioner's claim is not colorable, the court finds that the "interests of justice" do not require appointment of counsel. Moreover, although Petitioner claims that his "mental health issues" impair his ability to prosecute the case, the court has thoroughly reviewed Petitioner's pro se filings in this case and in his other cases,[2] which demonstrate a capacity to present his claims pro se.

In any event, and out of an abundance of caution, had Petitioner filed his response timely in accordance with the court's orders, the court would have still granted the motion to dismiss. In the motion to dismiss, Respondent argues that the case should be dismissed because Petitioner failed to exhaust administrative remedies. (ECF No. 11-1). Petitioner failed to receive a decision from the state's highest court because he did not pay the filing fee at the South Carolina

---

[2] Petitioner is a frequent filer of cases throughout the United States. *See, e.g.*, *Bryan v. Defense Technology U.S.*, No. 10-cv-1771 (S.D. Cal. Nov. 2, 2010); *Bryan v. Campbell*, No. 10-882 (D. Ore. Nov. 3, 2010). In the District of South Carolina, Petitioner has filed multitudinous cases. *See, e.g.*, 4:04-CV-01223-TLW, 4:04-CV-01553-TLW, 4:04-CV-01850-TLW, 4:04-CV-01851-TLW, 4:04-CV-01852-TLW, 4:04-CV-01853-TLW, 4:04-CV-01854-TLW, 4:04-CV-02355-TLW, 4:04-CV-02361-TLW, 4:04-CV-02362-TLW, 4:04-CV-02363-TLW, 4:04-CV-02364-TLW, 4:04-CV-02365-TLW, 4:04-CV-22235-TLW, 4:04-CV-22260-TLW, 4:05-CV-00289-TLW, 4:05-CV-1056-TLW, 4:05-CV-01154-TLW, 4:05-CV-01729-TLW, 4:05-CV-01730-TLW, 4:06-CV-03047-TLW, 4:06-CV-03358-TLW, 4:05-CV-02014-TLW, 4:07-CV-00021-TLW, 4:08-CV-01590-TLW, 4:08-CV-03538-TLW, 1:08-CV-03556-TLW, 4:09-CV-02117-TLW, 4:10-CV-00027-TLW, 1:10-CV-01977-TLW, 1:10-CV-02106, 5:14-cv-3627, 5:15-cv-1483. The court may take judicial notice of such orders. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

Administrative Law Court ("SCALC") to pursue his claim; therefore, Petitioner failed to exhaust his administrative remedies and is barred from pursing it through a petition for habeas relief. *See Lisenby v. Riley*, No. 5:13-CV-1866, 2014 WL 1167503, at *4 (D.S.C. Mar. 20, 2014) ("Petitioner has not received a decision from the state's highest court on the issues in his habeas Petition, and thus has not exhausted his state remedies."). In his untimely response, Petitioner does not dispute that he failed to receive a decision from the state's highest court, but rather he contends that his case should not be dismissed for failure to pay a filing fee in state court because he is indigent. (ECF No. 26). The SCALC did not docket Petitioner's appeal because he had already used his three free appeals for the 2014 calendar year. (ECF No. 11-7). Under South Carolina law, an appellant must pay a twenty-five dollar filing fee after filing three free appeals:

> No filing fee is required in administrative appeals by inmates from final decisions of the Department of Corrections or the Department of Probation, Parole and Pardon Services. However, if an inmate files three administrative appeals during a calendar year, then each subsequent filing during that year must be accompanied by a twenty-five dollar filing fee.

S.C. Code Ann. § 1-23-670. Petitioner's failure to pay the filing fee resulted in him being unable to receive a decision from the state's highest court. Because Petitioner failed to exhaust his administrative remedies, the court would have granted the motion to dismiss. *See Lisenby*, 2014 WL 1167503, at *3 ("Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241."); *Yawn v. Eagleton*, No. 09-1221, 2009 WL 3571364, at *3 (D.S.C. Oct. 26, 2009) ("Petitioner failed to exhaust his SCDC remedies, and the Administrative Law Court dismissed his claim because no final agency decision has been rendered. He also failed to exhaust his state remedies, as the court of appeals dismissed his case because he did not pay the filing fee. As such, Petitioner has not received a decision from the state's highest court, and thus has not exhausted his state remedies."); *see also Pethtel v. Ballard*,

5

617 F.3d 299, 306 (4th Cir. 2010) ("[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011))).

In sum, the court **DENIES** Petitioner's motion to appoint counsel (ECF No. 24). The court also **DENIES** as moot Petitioner's motion to file and serve electronically (ECF No. 27) and motion for access (ECF No. 25).

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 8, 2016
Anderson, South Carolina